United States Courts
Southern District of Texas
FILED

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS,
### CORPUS CHRISTI DIVISION

JAN - 6 2012

David J. Bradley, Clerk of Court

In re: Reebok Easytone Litigation

Case No. 4:10- CV-11977 FDS (Mass)

**CLASS ACTION**

## MOTION TO QUASH DEPOSITION AND/OR MOTION FOR PROTECTION

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW, Lori Rivero, Movant, and files this Motion to Quash Deposition and/or Motion for Protection and would respectfully show unto the Court the following:

### I.

### PRELMINARY STATEMENT

1.     Movant seeks to quash the deposition attached hereto (Ex. A).

2.     The deposition purports to be issued in connection with the above-numbered and styled cause, which is a class action pending in the United States District Court, District of Massachusetts (the "Underlying Case").

3.     The Underlying Case involves class action claims against the defendants stated therein.

4.     The Court in the Underlying Case authorized the publication of a notice of a proposed class action settlement (Ex. B) in which, among other things, all class members are notified of their rights and options, including the right to object as explicitly sanctioned by the Court in the Underlying case.

MOTION TO QUASH DEPOSITION – Page 1

5.      Exercising that right and opportunity to object, Movant as a class member filed an objection to the proposed class action settlement in the underlying case (Ex. C).

6.      Pursuant to Fed. R. Civ. P. 45(c), Movant is filing this motion in the Federal District in which she resides.

7.      For the reasons demonstrated the subpoena (Ex. A) is a legal nullity and cannot be enforced. However, out of an abundance of caution, Movant files this motion.

## II.

## ARGUMENT

**A.      The Subpoena is Procedurally Defective: Class Counsel Must First Seek Leave for Discovery in the Underlying Case.**

8.      Class Counsel is flagrantly violating the rules of civil procedure by issuing a subpoena on an unnamed class member without first obtaining leave of court in the Underlying Case and without demonstrating necessity for such discovery.

9.      As a threshold matter, the Underlying Case is settled, pending a final fairness hearing. By definition, that means there is no discovery order in the case that authorizes the taking of discovery by any party.

10.     At a minimum, before noticing the deposition of an unnamed class member, class counsel would first, as a threshold matter, have to move the Court in the Underlying Case and seek leave to take the deposition noticed in Ex. A.

11.     Class counsel has made no such showing and, until and unless they can demonstrate that such discovery is authorized by the Court in the Underlying Case, the attached subpoena is a legal nullity and cannot be enforced. *See, e.g., In Re Carbon Dioxide Industry Antitrust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993)(holding that "the party seeking discovery

from unnamed class members is required to obtain a court order before service of interrogatories, taking of depositions, or other form of discovery is sought.").

12. Moreover, a court order is required when seeking discovery after the discovery cut-off. *See*, Federal Rules of Civil Procedure, Rule 16(b)(3): the scheduling order "must" limit the time to complete discovery. A party may obtain relief from the cut-off date by demonstrating good cause for allowing further discovery. See, Rule 16(b)(4): a party must demonstrate "good cause" and obtain the judge's consent.

13. Not only has class counsel failed to satisfy this procedural, threshold requirement, they could not substantively meet the burden of demonstrating the need for such discovery even if they had first attempted to seek leave.

## B. Class Counsel Could Not Establish the Substantive Prerequisites Necessary to Issue a Subpoena Even if they Had Moved for Leave in the Underlying Case.

14. The court in *Clark v. Universal Builders*, 501 F.2d 324 (7th Cir. 1973), stated that a strong showing of necessity must be made before allowing discovery from unnamed class members:

> In appropriate circumstances absent class members may be propounded written interrogatories on a showing that the information requested is necessary to trial preparation and that the interrogatory is not designed as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants. The party seeking discovery has the burden of demonstrating its merits.

2d at 340 (emphasis added).

15. In the present case, there is no "trial preparation," since the case is settled. It is irrelevant whether the plaintiff or the defendant is seeking discovery: "Absent a showing of particularized need, the Court will not permit general discovery from passive class members. . . . The Court has determined, above, that non-representative class members shall not be subject to

discovery absent a showing of particularized need for information that cannot be obtained from class representatives." *In re Carbon Dioxide, supra*, 155 F.R.D. at 212.

16.     The fact that Ms. Rivero has objected does not transform her status into a representative class member: "By virtue of not being chosen as class representatives,  the plaintiffs remain as passive class members, on equal footing with all other non-representative class members." *In re Carbon Dioxide, supra*, at 211-12.  Allowing discovery from non-representative class members without a prior court order undermines the entire purpose and structure of Rule 23.

17.     "Discovery proceedings, such as the proposed interrogatories, are improper, directed as they are to members of the class who are not named plaintiffs. . . . It is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for the rule would fail." *Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132.

18.     Further, due to the fact that a settlement has already been reached, there is no reasonable purpose for "discovery," other than harassment.  The discovery sought is not relevant to "any party's claim or defense" (FRCP 26(b)(1)), because the case is settled.   Therefore, there are no pending claims or defenses, and whatever is sought from Ms. Rivero is simply not relevant.

19.     Further, under Rule 26(b)(2)(C)(iii), the court must limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, ... the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Because the case is already resolved, there can be no importance attached to the proposed discovery, which can only be described as burdensome and

clearly intended solely for harassment purposes and designed to chill class members' rights to object to settlements.

## C. The Time and Place and Notice of Deposition is Not Reasonable.

20. The subject subpoena was served on January 3, 2012 at 10:30 A.M. and notices the intended deposition and production of documents for January 6, 2012 at 1:30 P.M. Class counsel made no effort to coordinate dates or cooperate ahead of time. They simply noticed the deposition unilaterally. This is unreasonable and Movant cannot reasonably be expected to comply.

21. Moreover, Movant has already demonstrated she is a class member and she has stated her reasons for objecting. There is no additional information that a deposition and document production could obtain. Class counsel knows this, which underscores the fact that this deposition is simply intended to harass Movant and bully her in hopes of getting her to drop her objection for class counsel can collect their fees.

22. Movant has fully complied with the objection procedure and done exactly what the Court in the Underlying Case afforded all class members to do. She should not now be punished and harassed by class counsel for doing the very thing she had the right to do.

**PRAYER**

Movant requests the Court to quash her deposition and for further relief as necessary.

By: _____

Respectfully submitted,

Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas 78401
(361) 698-5200 Telephone
(361) 698-5222 Facsimile

**ATTORNEY FOR LORI RIVERO**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January 2012, the foregoing Motion was filed in the United States District Court for the Southern District of Texas and served upon the following as indicated below:

**Via Certified Mail-RRR**
**& Facsimile: (212) 868-1229**
Joshua E. Keller
Milberg LLP
1 Pennsylvania Plaza
New York, NY 10119

**Via Certified Mail-RRR**
**& Facsimile:  (619) 338-1101**
Timothy G. Blood, Esq.
Blood Hurst & O'Reardon, LLP
600 B Street, Ste. 1550
San Diego, CA 92101

**Via Certified Mail-RRR**
**& Facsimile: (212) 521-5450**
John P. Hooper, Esq.
Reed Smith LLP
599 Lexington Ave.
New York, NY 10022

_____
Christopher A. Bandas

MOTION TO QUASH DEPOSITION – Page 6

TEXAS CIVIL PROCESS, INC.
Came to Hand 1-3-2012 10:30 AM
Delivered this 3 Day Jan 2012
P.O. Box 3785
Corpus Christi, TX 78463-3785
By
Process Server

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| In re Reebok EasyTone Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:10-CV-11977-FDS |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts    ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Lori Rivero.  Address: 13641 Camino de Oro Court, Corpus Christi, Texas 78418

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: US Legal Support, 802 N. Carancahua Street, Ste. 22 Corpus Christi, Texas  78401 | Date and Time: |
|---|---|
| | 01/06/2012 1:30 pm |

The deposition will be recorded by this method:   Stenographic and audiovisual means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Any documentation of your alleged purchases of Eligible Shoes and/or Eligible Apparel, as those terms are defined in the Settlement Agreement, as well as any and all other documents related to the matters set forth in your Objection to the Class Action Settlement in the In Re Reebok EasyTone Litigation. (Document 66 in the above captioned matter).

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   12/30/2011

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      all Plaintiffs, including
Plaintiff Courtney Schwartz                                          , who issues or requests this subpoena, are:
Joshua E. Keller
Address: Milberg LLP, 1 Pennsylvania Plaza, New York, New York, 10119
Email: jkeller@milberg.com   Telephone: (212) 594-5300

**EXHIBIT**

A

22614

**TEXAS CIVIL PROCESS, INC.**
P.O. BOX 3785, 361-887-9596 OR 887-9596
1650 S. BROWNLEE BLVD.
CORPUS CHRISTI, TX 78463-3785

**Frost**
www.frostbank.com

DATE January 3 2012

$ 40.00

PAY TO THE ORDER OF Bori Rivero

Forty dollars and no/100 DOLLARS

THIS CHECK IS DELIVERED IN CONNECTION WITH THE FOLLOWING

VOID 90 DAYS FROM DATE OF ISSUE

Witness fee
Case No. 4.10-CV-11977-FDS

Billy O'Deil

⑆022614⑆ ⑆114000093⑆ 660187354⑆

---

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

$ 40.⁰⁰ Witness fee
attached
CK # 22614.

_____

**TEXAS CIVIL PROCESS, INC.**
1650 Brownlee Blvd.
P.O. Box 3785
Corpus Christi, TX 78463-3785

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

IN RE REEBOK EASYTONE LITIGATION

This Document Relates to: All Actions

Case No. 4:10-CV-11977-FDS

CLASS ACTION

## NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT, AND FAIRNESS HEARING

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

### YOU ARE <u>NOT</u> BEING SUED.

## If you purchased the Reebok toning shoes or Reebok toning apparel listed below from December 5, 2008 through October 12, 2011, the proposed settlement of a class action lawsuit may affect your rights.

Your legal rights may be affected whether you act or don't act. **Read this notice carefully because it explains decisions you must make and actions you must take <u>now</u>.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | | |
|---|---|---|
| **DO NOTHING** | You get no payment. You give up your rights. | |
| **SUBMIT A CLAIM FORM** | This is the only way to get a payment. | The Claim Form, which is provided with this notice, must be completed and electronically submitted no later than **April 10, 2012** or **postmarked** no later than **April 10, 2012**, subject to the qualifications and requirements addressed below. |
| **EXCLUDE YOURSELF** | You get no payment under the settlement. This is the only choice that will allow you to sue Reebok on your own about the claims discussed in this notice. | An exclusion request must be in writing and **postmarked** on or before **December 28, 2011**. |
| **OBJECT TO THE SETTLEMENT** | You can write to the Court about why you do not agree with any aspect of the settlement. | An objection must be in writing, filed and received, on or before **December 28, 2011**. |
| **GO TO A HEARING** | You can ask to speak to the Court about the "fairness" of the settlement, after you submit your objection. | A Notice of Intention to Appear must be in writing, filed and received on or before **December 28, 2011** in addition to filing a timely objection. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court still has to decide whether to approve the settlement. Payments will be distributed if the Court approves the settlement and after appeals, if any, are resolved in favor of the settlement. Please be patient.

- If you do not exclude yourself from the Class, the proposed settlement (if finally approved) will release certain claims, which are reprinted in full in Appendix A to this notice, and will affect your right to start or continue any other lawsuit or proceeding involving Eligible Shoes and/or Eligible Apparel.

QUESTIONS? VISIT WWW.REEBOKSETTLEMENT.COM OR CALL, TOLL-FREE, (888) 398-5389

## WHAT THIS NOTICE CONTAINS

PART I:   WHY YOU HAVE RECEIVED THIS NOTICE ........................................................... 3
    **1.**    WHY DID I RECEIVE THIS NOTICE? ............................................................... 3
    **2.**    WHAT IS THIS LAWSUIT ABOUT AND WHY DID IT SETTLE? ........................ 3
    **3.**    WHAT DOES THE SETTLEMENT PROVIDE? ................................................... 4

PART II:   DESCRIPTION OF THE CLASS ........................................................................... 4
    **4.**    WHY IS THIS A "CLASS ACTION"? ................................................................. 4
    **5.**    AM I A MEMBER OF THE CLASS? .................................................................. 4
    **6.**    ARE THERE EXCEPTIONS TO BEING INCLUDED? ....................................... 5
    **7.**    WHAT ARE "ELIGIBLE SHOES" AND "ELIGIBLE APPAREL"? ...................... 5
    **8.**    I'M STILL NOT SURE IF I'M INCLUDED. ........................................................ 5

PART III:   DECISIONS YOU MUST MAKE NOW ................................................................ 5
    **9.**    WHAT DO I NEED TO DO NOW? ................................................................... 5
   **10.**   WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE CLASS? ..................... 5
   **11.**   DO I HAVE TO SIGN A RELEASE? ................................................................. 6
   **12.**   WHAT IF I DO NOTHING? .............................................................................. 6

PART IV:   SETTLEMENT BENEFITS – WHAT YOU CAN GET ......................................... 6
   **13.**   WHAT CAN I GET FROM THE SETTLEMENT? .............................................. 6
   **14.**   HOW CAN I MAKE A CLAIM? ........................................................................ 7
   **15.**   WHAT IS THE CLAIM PROCESS? .................................................................. 7
   **16.**   HOW MUCH IS THE CLAIM PROCESS WORTH TO THE CLASS? ................ 8
   **17.**   WHAT HAPPENS AFTER ALL CLAIMS ARE PROCESSED AND THERE ARE FUNDS
        REMAINING? ................................................................................................... 9
   **18.**   WHEN WILL I GET MY PAYMENT, IF ANY? ................................................. 9

PART V:   CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS? ......................... 9

PART VI:   THE LAWYERS REPRESENTING THE CLASS ................................................ 10
   **19.**   DO I HAVE A LAWYER IN THIS CASE? ....................................................... 10
   **20.**   HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES IN THESE ACTIONS
        BE PAID? ......................................................................................................... 10

PART VII:   EXCLUDING YOURSELF FROM THE SETTLEMENT ................................... 11
   **21.**   HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT? ........ 11
   **22.**   WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS? .................. 11
   **23.**   IF I DON'T EXCLUDE MYSELF, CAN I SUE REEBOK LATER? ................... 12

PART VIII:   OBJECTING TO THE SETTLEMENT ............................................................ 12
   **24.**   HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT? ....................... 12
   **25.**   WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"? ......... 13

PART IX:   THE COURT'S FAIRNESS HEARING .............................................................. 13
   **26.**   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE
        SETTLEMENT? ............................................................................................... 13
   **27.**   DO I HAVE TO COME TO THE HEARING? .................................................. 13
   **28.**   MAY I SPEAK AT THE FAIRNESS HEARING? ............................................. 13
   **29.**   WHAT DO I HAVE TO DO TO SPEAK AT THE FAIRNESS HEARING? ....... 14

PART X:   GETTING ADDITIONAL INFORMATION .......................................................... 14

## PART I:  WHY YOU HAVE RECEIVED THIS NOTICE

### 1.   WHY DID I RECEIVE THIS NOTICE?

You received this notice because you may be a Class Member eligible to receive payment from the proposed settlement of a class action lawsuit that was brought on behalf of persons or entities who purchased Eligible Shoes and/or Eligible Apparel (more fully described below) from Reebok International Ltd. ("Reebok"), an apparel and footwear manufacturer, and/or its authorized retailers and wholesalers.

The Court sent you this notice because you have a right to know about the proposed settlement of this class action lawsuit, and about your rights and options, before the Court decides whether to approve the settlement. If the Court approves the class action settlement, and after any appeals are resolved in favor of the settlement, the Class Action Settlement Administrator appointed by the Court will make the payments that the settlement allows.  You will be informed of the progress of this settlement and may receive payment if you are a Class Member and submit a completed and timely Claim Form.

This package explains: (1) this lawsuit, (2) the proposed settlement, (3) your legal rights, (4) what payments are available, (5) who is eligible for what payments under the settlement, (6) how to get a payment, and (7) other important information.

The essential terms of the settlement are summarized below.  The Settlement Agreement sets forth in greater detail the rights and obligation of the parties.  If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement governs.

### 2.   WHAT IS THIS LAWSUIT ABOUT AND WHY DID IT SETTLE?

The lawsuit, *Altieri v. Reebok*, concerns claims that Reebok violated certain state laws and consumer protection statutes in connection with the marketing and sale of Eligible Shoes and/or Eligible Apparel since December 5, 2008.  Plaintiffs allege that Reebok, in connection with the marketing and sale of Eligible Shoes and Eligible Apparel, misrepresented the benefits of wearing Eligible Shoes and Eligible Apparel to consumers.  Plaintiffs further allege that Eligible Shoes and Eligible Apparel did not provide the benefits to consumers claimed by Reebok.  Reebok denies any and all allegations of wrongdoing and does not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged in this lawsuit or in any similar action.

The parties negotiated the proposed settlement with an understanding of the factual and legal issues that would affect the outcome of this class action.  A related lawsuit is pending in the United States District Court for the District of Massachusetts, *Courtney Schwartz, et al. v. Reebok International Ltd.*, 1:10-cv-12018-FDS (D. Mass.) ("*Schwartz*"), which is also being settled as part of the Settlement Agreement.

In addition to these actions, there are also other lawsuits making the same allegations that are pending against Reebok in the United States District Court for the Central District of California, *Sandrine Cassidy v. Reebok International Ltd., et al.*, CV 2:10-cv-09966 (AHM-FFM) (C.D. Cal.), and in state court in Arkansas, *Debbie Murphy, et al. v. Reebok International Ltd.*, 60CV11-0492 (Arkansas Circuit Court, Pulaski County) and *Patty Tomlinson v. Reebok International Ltd.*, CV11-122-6 (Arkansas Circuit Court, Washington County).

Reebok has also agreed to pay counsel for plaintiffs in the three other pending class actions, *Cassidy, Tomlinson* and *Murphy*, a total of $975,000 in attorneys' fees and $25,000 in costs, which shall be the sole aggregate compensation for all attorneys representing the plaintiffs in those other three cases. Reebok has also agreed to pay $2,500 per each of three named plaintiffs in those other three cases. These payments will occur within thirty (30) days after the final settlement date.  Plaintiffs' counsel and plaintiffs in this settlement are not affiliated with the attorneys or plaintiffs in these three other cases.

In addition to this settlement, Reebok has also resolved claims raised by the Federal Trade Commission ("FTC") that Reebok's marketing and sale of toning shoes and toning apparel violated federal law. The claims raised by the FTC were similar to the claims raised in connection with the lawsuits described above and resolved in this settlement. In connection with the resolution of the FTC's claims, Reebok and the FTC entered into a Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief ("Stipulated Order"). The Stipulated Order does not constitute an admission by Reebok that the facts alleged therein are true; however, the Stipulated Order provides for certain injunctive relief and, in return, releases Reebok from any liability for the claims raised by the FTC.

The plaintiffs in the *Altieri* and *Schwartz* actions, through their attorneys, thoroughly examined and investigated the facts and law relating to the issues in these cases, extensively reviewed thousands of pages of documents produced by Reebok, and conducted interviews with various Reebok witnesses. The parties believe that the settlement is fair, reasonable and adequate and will provide substantial benefit to the Class, based on their knowledge of the litigation, and their experience.

The Court has not decided whether the plaintiffs' claims or Reebok's defenses have any merit, and it will not do so if the proposed settlement is approved. The proposed settlement does not suggest that Reebok has or has not done anything wrong, or that the plaintiffs and the Class would or would not win their case if it were to go to trial.

## 3.   WHAT DOES THE SETTLEMENT PROVIDE?

The settlement provides that Reebok will create a fund of $25 million to resolve all timely and valid Claims submitted through the Claim Process, subject to certain terms, requirements, and deductions, as further described below. Reebok is also agreeing to make certain conduct changes. In addition to the $25 million fund, Reebok has separately agreed to pay up to $3.5 million in attorneys' fees and up to $100,000 in costs and awards to the three named class representatives not to exceed $2,500 per each of three named plaintiffs, both as awarded by the Court.

If you are a Class Member who purchased any of the Eligible Shoes or Eligible Apparel from Reebok and/or its authorized retailers and wholesalers from December 5, 2008, up to and including October 12, 2011, as further described below, you may be eligible for payment if you complete and submit a Claim Form electronically submitted no later than **April 10, 2012** or postmarked no later than **April 10, 2012**, subject to certain conditions and limitations. In return for the benefits in this settlement, and if the settlement is implemented, all Class Members will release Reebok and others from the claims discussed in Appendix A, and the *Altieri* and *Schwartz* actions will be dismissed with prejudice, among other terms. If there is a variance between this Class Notice and the Settlement Agreement, the terms of the Settlement Agreement shall control.

## PART II:  DESCRIPTION OF THE CLASS

## 4.   WHY IS THIS A "CLASS ACTION"?

This case is known as *In re Reebok EasyTone Litigation*, Case No. 4:10-CV-11977-FDS. The Court in charge of this case and the related *Schwartz* case is the United District Court for the District of Massachusetts. The named people who sued are the Plaintiffs, and the company they sued, Reebok, is the Defendant.

In a class action, one or more people, called Class Representatives (in this case, Sandra Altieri, Courtney Schwartz, and Cheryl Hardy), sue on behalf of people who have similar claims. All these people are a Class or are Class Members. One Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 5.  AM I A MEMBER OF THE CLASS?

With some limited exceptions, described below, the Class encompasses all persons or entities that purchased Eligible Shoes and/or Eligible Apparel from Reebok and/or its authorized retailers and wholesalers, including, without limitation, Reebok U.S. Retailers, Reebok Concept Stores, Reebok.com and Reebok Outlets and/or other third-party retailers or wholesalers, from December 5, 2008, through October 12, 2011.

## 6.   ARE THERE EXCEPTIONS TO BEING INCLUDED?

The Class does not include the following persons or entities:

- Reebok's board members or executive-level officers, including its attorneys;
- Persons or entities who purchased the Eligible Shoes and/or Eligible Apparel primarily for purposes of resale;
- Any claims for personal injury relating to the use of Eligible Shoes and/or Eligible Apparel;
- Distributors or re-sellers of Eligible Shoes and/or Eligible Apparel;
- The judge and magistrate judge and their immediate families presiding over the Actions;
- Governmental entities; and
- Persons or entities who or which timely and properly exclude themselves from the Class as provided in the Settlement Agreement.

## 7.   WHAT ARE "ELIGIBLE SHOES" AND "ELIGIBLE APPAREL"?

"Eligible Shoes" means Reebok's toning shoes purchased as new by Class Members from Reebok and/or its authorized retailers and wholesalers including, without limitation, Reebok U.S. Retailers, Reebok Concept Stores, Reebok.com and Reebok Outlets and/or other third-party retailers or wholesalers, from December 5, 2008, through October 12, 2011, which are EasyTone, EasyTone Flip, RunTone, TrainTone, JumpTone, SimplyTone and/or SlimTone shoes.

"Eligible Apparel" means Reebok's toning apparel purchased as new by Class Members from Reebok and/or its authorized retailers and wholesalers from December 5, 2008, through October 12, 2011, which are EasyTone Capri, EasyTone Pants, EasyTone Shorts, EasyTone Long Bra Top, EasyTone Sleeveless Shirt, and/or EasyTone Short Sleeve Top.

## 8.   I'M STILL NOT SURE IF I'M INCLUDED.

If you do not understand whether or not you are a Class Member, you can visit our web site, www.reeboksettlement.com, or you can contact Class Counsel.

## PART III: DECISIONS YOU MUST MAKE NOW

## 9.   WHAT DO I NEED TO DO NOW?

FIRST, you must decide now whether you wish to remain in the Class or to exclude yourself from the Class. If you want to be excluded from the Class, you must notify the Notice Administrator as described below in Part VII no later than December 28, 2011. If you exclude yourself:

- You will not be eligible for payment under the settlement.
- You will not be able to object to the proposed settlement and to appear at the Fairness Hearing.
- You will not be bound by any orders or judgments entered in this case, if the proposed settlement is approved.

**SECOND**, if you remain in the Class, you may object to any part of the proposed settlement by filing a written objection with the Court and providing a copy to Class Counsel and Reebok's Counsel, as described below in Part VIII. The Court and the parties must **receive** your written objection **no later than December 28, 2011**.

Additionally, if you file an objection, you may also decide to appear and speak at the Court's Fairness Hearing regarding the settlement of this lawsuit. If you wish to appear and speak at the Fairness Hearing, you must have first submitted an objection (as described in Part VIII) and, in addition, file and serve so that it is received by **December 28, 2011** a Notice of Intention to Appear at the Fairness Hearing, as described in response to Question 29, below.

**THIRD**, if you remain a Class Member, you can complete and submit a Claim Form electronically submitted no later than **April 10, 2012** or postmarked no later than **April 10, 2012**.

## 10.    WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE CLASS?

If you choose to remain in the Class, you may submit a Claim Form and, if you qualify, receive payment under the settlement, but you and all Class Members will be deemed to give Reebok and the Released Parties the Release and Waiver of Claims set forth in Appendix A, below, and you will also be bound by all orders, injunctions, and judgments entered in the *Altieri* and *Schwartz* Actions, whether favorable or unfavorable. You will not be able to start, continue or otherwise participate in any other claim, lawsuit or other proceeding against Reebok if those claims have been (or could have been) asserted in this lawsuit.

## 11.    DO I HAVE TO SIGN A RELEASE?

**No. If you remain in the Class, you will automatically release Reebok and the Released Parties from any claims set forth in Appendix A and will give up your rights to pursue or continue any action against Reebok relating to your Eligible Shoes and/or Eligible Apparel and the claims at issue in this lawsuit.** Class Members will release a wide range of claims in order to receive the benefits in the Settlement Agreement. A word-for-word copy of the Release section from the Settlement Agreement is attached to this notice as Appendix A.

## 12.    WHAT IF I DO NOTHING?

**If you do nothing, you will <u>not</u> get benefits from the settlement, but, if you are a Class Member, you will be bound by the settlement's release and waiver of claims.** You must complete and submit a Claim Form on or before the deadline, which is **April 10, 2012**, in order to be considered for payment under the settlement.

Unless you exclude yourself from the Class, if the settlement is approved all of the Court's orders will apply to you and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Reebok about the claims in this lawsuit, ever again, regardless of whether you submit a Claim Form.

# PART IV: SETTLEMENT BENEFITS – WHAT YOU CAN GET

## 13.    WHAT CAN I GET FROM THE SETTLEMENT?

The amount of the cash payment you may be entitled to under the proposed settlement depends upon the number and type of Eligible Shoes items and/or Eligible Apparel items that you purchased from December 5, 2008, through October 12, 2011, as well as the total of the timely, valid and approved Claims submitted by

all other Class Members and other factors specified in the Settlement Agreement and in this Class Notice. As a result, the amount of relief available to eligible Class Members may vary, as follows:

| Item | Initial Amount | Maximum |
|------|----------------|---------|
| All Eligible Shoes | $50.00 | $100.00 |
| EasyTone Capri<br>EasyTone Pants | $40.00 | $80.00 |
| EasyTone Shorts<br>EasyTone Long Bra Top<br>EasyTone Sleeveless Shirt<br>EasyTone Short Sleeve Top | $25.00 | $50.00 |

If the total of the timely, valid and approved Claims submitted by Class Members exceeds the available relief, minus any covered fees and costs, each eligible Class Member's award shall be reduced on a pro rata basis. If the total of the timely, valid, and approved claims submitted by Class Members is less than the available relief, minus any covered fees and costs, each eligible Class Member's award shall be increased on a pro rata basis in accordance with the amounts set forth above.

In addition, pursuant to the Stipulated Order entered into by Reebok and the FTC, Reebok has agreed to implement certain conduct changes concerning the marketing and sale of toning shoes and toning apparel. A full copy of Reebok's Stipulated Order with the FTC is available at www.ftc.gov/reebok. Specifically, Reebok has agreed to refrain from making claims that Reebok's toning shoes and toning apparel are effective in strengthening muscles or that wearing such products will result in quantified percentage or amount of muscle toning or strengthening, unless that representation is non-misleading and is supported by at least one adequate well-controlled human clinical study. In addition, Reebok has agreed to refrain from making any other health or fitness benefit claims for Reebok's toning shoes and toning apparel unless that representation is non-misleading and Reebok possesses and relies upon competent and reliable scientific evidence to substantiate that the representation is true. Further, Reebok will not misrepresent the existence, contents, validity, results, conclusions, or interpretations of any test, study or research relating to Reebok's toning shoes and toning apparel. Beyond the conduct changes, Reebok has also agreed to be subject to compliance monitoring and reporting regarding its conduct changes.

## 14. HOW CAN I MAKE A CLAIM?

To receive a payment under the settlement, you must send in a Claim Form. A Claim Form and directions are enclosed. You may also obtain and print a Claim Form and other relevant documents by visiting www.reeboksettlement.com. Please read the instructions and certification carefully, fill out the form completely and accurately. Claim forms must be **electronically submitted** no later than **April 10, 2012** or **postmarked** no later than **April 10, 2012**.

## 15. WHAT IS THE CLAIM PROCESS?

You will be eligible for payment provided that you are a Class Member and you complete and timely submit the Claim Form to the Court-appointed Class Action Settlement Administrator demonstrating the purchase of Eligible Shoes and/or Eligible Apparel from December 5, 2008, through October 12, 2011. **Claim Forms must be electronically submitted no later than April 10, 2012 or postmarked no later than April 10, 2012.** The Class Action Settlement Administrator may request verification of your purchase of Eligible Shoes and/or Eligible Apparel, including, but not limited to, receipt(s) or other documentation demonstrating your purchase of any and all of the Eligible Shoes and/or Eligible, following the submission of a Claim Form. Failure and/or inability to timely comply with such request shall result in the disqualification of the Claim.

Shortly after receiving your Claim Form, the Class Action Settlement Administrator will review and address the Claim Form. If a Claim is not contested, the Class Action Settlement Administrator will pay that Claim in accordance with the terms of the Settlement Agreement. If the Claim exceeds $200.00 for the relief sought, the Class Action Settlement Administrator may request proof to validate the claim. In addition or alternatively, if the total amount of Claims submitted by all Class Members exceeds available relief, subject to any adjustments and deductions discussed in this Part, then the Class Action Settlement Administrator may request proof of purchase for the Claim. Finally, the Class Action Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim Process, including, among others, denying claims in whole or in part to prevent actual or possible fraud or abuse.

If a Claim is contested, including but not limited to, requesting supporting documentation, the Class Action Settlement Administrator will mail a letter that advises you of the reason(s) why the Claim Form was contested and request, if applicable, any and all additional information and/or documentation to validate the Claim and have it submitted for payment. You will have thirty-five (35) days from the date of the **postmarked** letter sent by the Class Action Settlement Administrator to respond to the Class Action Settlement Administrator's request.

If you timely provide the requested information and/or documentation that validates your Claim, the Claim will be deemed validated and shall be paid by the Class Action Settlement Administrator. If you do not timely and completely provide the requested information and/or documentation, the Class Action Settlement Administrator will send you a letter stating that the Claim has been reduced or denied unless Class Counsel, Reebok and a representative of the FTC otherwise agree. The Class Action Settlement Administrator's determination of a Claim is final and may not be appealed by anyone. However, if your Claim is reduced or denied because the Class Action Settlement Administrator determined that the documentation submitted to support your Claim was not sufficient to prove all or part of the Claim, the Class Action Settlement Administrator shall provide a report to Class Counsel and Reebok's Counsel who shall meet and confer in an attempt to resolve these deficient Claims. If Class Counsel reasonably recommends payment of the Claim or payment of a reduced claim amount and Reebok agrees (and Reebok's agreement shall not be unreasonably withheld), then Class Counsel shall instruct the Class Action Settlement Administrator to pay those Claims.

The payment of timely, valid, and approved Claims shall begin not before ten (10) days after the close of the Claim Period, as long as this period is after the issuance of the Court's Final Order and Final Judgment approving the Settlement, which, at Reebok's discretion, can occur prior to the occurrence of the Final Settlement Date. Not later than one hundred twenty (120) days after either the occurrence of the Final Settlement Date or the close of the Claim Period, at Reebok's sole discretion, the Class Action Settlement Administrator shall have completed the payment to Class Members who have submitted timely, valid and approved Claims pursuant to the Claim Process, provided, further however, that Reebok may, at its sole discretion, commence this payment period after final approval of the settlement by the Court, but before the resolution of any appeals or other acts that prevent the settlement from becoming final.

## 16.   HOW MUCH IS THE CLAIM PROCESS WORTH TO THE CLASS?

The settlement will provide a fund of $25 million that will be used to pay:

(1)   The costs and expenses associated with disseminating the notice, including, but not limited to, the Class Notice and the Summary Settlement Notice, to the Class;

(2)   The costs and expenses associated with claims administration; and

(3)   Timely, valid, and approved Claims submitted by Class Members pursuant to the Claim Process.

The fund will not be used to pay Reebok's attorneys' fees and costs, Class Counsels' attorneys' fees and expenses, or awards made to named class representatives, as ordered by the Court.

Additionally, if the total amount of timely, valid and approved Claims exceeds the amount of available relief, minus any covered fees and costs, each eligible Class Member's award shall be reduced on a *pro rata* basis. If the total amount of timely, valid and approved Claims is less than the amount of available relief, minus any covered fees and costs, however, each eligible Class Member's award shall be increased on a *pro rata* basis, with a maximum increase of up to, but not more than, 100% of what the eligible Class Members paid for Eligible Shoes and/or Eligible Apparel, the maximum amounts stated in the chart in question number 13, not including any applicable sales taxes.

## 17.   WHAT HAPPENS AFTER ALL CLAIMS ARE PROCESSED AND THERE ARE FUNDS REMAINING?

If there are any funds remaining after all claims are processed, those remaining funds shall be transferred to the Federal Trade Commission.  No remaining funds will be returned to Reebok.

## 18.   WHEN WILL I GET MY PAYMENT, IF ANY?

The Court will hold a Fairness Hearing on **January 17, 2012 at 2:30 p.m. Eastern time** to decide whether or not to approve the proposed settlement.  The Court must finally approve the proposed settlement before any payments can be made.  The Court will grant its approval only if it finds that the proposed settlement is fair, reasonable and adequate.  In addition, the Court's order may be subject to appeals.  It is always uncertain whether these appeals can be resolved, and resolving them takes time, sometimes more than a year.  Finally, there remains a possibility that this settlement may be terminated for other reasons.  Everyone who sends in a Claim Form will be informed of the progress of the settlement.  Please be patient.

**The payment of approved Claims will occur not before ten (10) days after the close of the Claim Period, as long as this period is after the issuance of the Court's Final Order and Final Judgment approving the settlement, which, at Reebok's discretion, can occur prior to the occurrence of the resolution of any appeals.  Not later than one hundred and twenty (120) days after either the resolution of all appeals or other similar events in favor of the settlement, or the close of the Claim Period, at Reebok's sole discretion, the Class Action Settlement Administrator shall have completed the payment to Class Members who have submitted timely, valid and approved Claims, provided, further however, that Reebok and Class Counsel may, at their agreement and discretion, commence this payment period after final approval of the settlement by the Court, but before the resolution of any and all appeals or similar events in favor of the settlement.**

## PART V:  CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?

**No.  If you remain a member of the Class and the settlement is finally approved, you will be automatically enjoined and barred from initiating or continuing any lawsuit or other proceeding against Reebok if those claims have been (or could have been) asserted in this lawsuit.**

As part of this settlement, the Court has preliminary enjoined all Class Members and/or their representatives (who do not timely exclude themselves from the Class) from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing litigation as Class Members or otherwise against Reebok (or against any of its related parties or affiliates), and/or from receiving any benefits from, any lawsuit, administrative, or regulatory proceeding or order in any jurisdiction, based on or relating to the claims or causes of actions or the facts, and circumstances relating thereto, in the class action.

The Court has also preliminary enjoined all persons from filing, commencing, or prosecuting a lawsuit against Reebok (or against any of its related parties or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, arising out of, based on or relating to the claims, causes of action, facts and/or circumstances relating thereto, in the class action.

Upon final approval of the settlement, plaintiffs and Reebok will ask the Court to enter a permanent injunction enjoining all Class Members and/or their representatives and/or personnel from engaging in the activities described above. All Class Members will be bound by this permanent injunction.

## PART VI:  THE LAWYERS REPRESENTING THE CLASS

### 19.    DO I HAVE A LAWYER IN THIS CASE?

The Court has designated attorneys at the law firms of **Blood Hurst & O'Reardon LLP**, **Milberg LLP** and **Wolf Haldenstein Adler Freeman & Herz LLC** to represent you and the other Class Members in this lawsuit. The lawyers representing you and the Class Members are called "Class Counsel." **You will not be charged for the services of the Class Counsel.  No later than 14 days prior to the objection deadline (see Part VIII), Class Counsel shall submit a request to the Court for payment of attorneys' fees and costs not to exceed $3.5 million in fees and $100,000 in costs.  Any fees and costs awarded by the Court will be paid by Reebok.**

You may contact Class Counsel about this lawsuit and proposed settlement at the following addresses:

Timothy G. Blood, Esq.
Blood Hurst & O'Reardon LLP
600 B Street, Suite 1550
San Diego, CA 92101

Janine L. Pollack, Esq.
Milberg LLP
One Pennsylvania Plaza, 48th Floor
New York, NY 10119

Adam J. Levitt, Esq.
Wolf Haldenstein Adler Freeman
& Herz LLC
55 West Monroe Street, Suite 1111
Chicago, IL 60603

You have the right to retain your own lawyer to represent you in this case, but you are not obligated to do so.  If you do hire your own lawyer, you will have to pay his or her fees and expenses.  You also have the right to represent yourself before the Court without a lawyer.

### 20.    HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES IN THESE ACTIONS BE PAID?

Class Counsel have prosecuted this case on a completely contingent fee and have not been paid anything to date for their services.  Class Counsel will make an application for an award of attorneys' fees that will not exceed $3.5 million and expenses that will not exceed $100,000, which shall be the sole aggregate compensation from Reebok for all attorneys representing the Class in the *Altieri* Action and/or the *Schwartz* Action.  For any amounts of Attorneys' Fees and Expenses in this paragraph that are not awarded by the Court, Reebok shall revert those funds to apply to settlement relief only in the event that the amounts payable to Class Members are insufficient to pay all Claims.

Class Counsel will petition the Court for incentive awards of up to $2,500.00 for each of the named plaintiffs, Sandra Altieri, Courtney Schwartz and Cheryl Hardy.  The purpose of such awards, if any, shall be to compensate the named plaintiffs/class representatives for efforts and risks taken by them on behalf of the Class.

Reebok shall pay the attorneys' fees and expenses and awards to the plaintiffs identified above within thirty (30) days after the settlement is final and approved, including any appeals that must be resolved in favor of the settlement. Reebok shall not be liable for or obligated to pay any fees, expenses, costs, or disbursements to, or incur any expense on behalf of, any person or entity, either directly or indirectly, in connection with any of the filed class actions or the Settlement Agreement, other than the amount or amounts expressly provided for in the Settlement Agreement.

## PART VII:  EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Reebok on your own about the legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or "opting out" of the Class.

### 21.   HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT?

If you want to be excluded from the Class, you <u>must</u> notify the Notice Administrator. To exclude yourself from the settlement, you must send a letter by mail. Your exclusion request letter must be **postmarked** no later than **December 28, 2011**. Send your letter to:

In Re Reebok EasyTone Litigation
c/o GCG, Inc.
P.O. Box 9770
Dublin, OH 43017-5670

Your letter requesting exclusion does not need to be in any particular form, but it shall include the following information in order to be effective:

(1) your name;

(2) your address;

(3) your telephone number;

(4) the Eligible Shoes and/or Eligible Apparel for which you are requesting exclusion;

(5) a statement that you wish to be excluded from the Class;

(6) your signature; and

(7) the case name and number: *In re Reebok EasyTone Litigation*, Case No. 4:10-CV-11977-FDS (D. Mass).

Please write "EXCLUSION REQUEST" on the lower left-hand corner of the *front* of the envelope.

### 22.   WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS?

If you request exclusion from the Class, then for each of the excluded Eligible Shoes and/or Eligible Apparel:

- You will **not** be eligible for payment under the proposed settlement;
- You will **not** be allowed to object to the terms of the proposed settlement, and
- You will **not** be bound by any subsequent rulings entered in this case if the proposed settlement is finally approved.

However, if your request for exclusion is <u>late or deficient</u>, you will still be a part of the Class, you will be bound by the settlement and by all other orders and judgments in this lawsuit, and you will not be able to participate in any other lawsuits based on the claims in this case.

## 23.   IF I DON'T EXCLUDE MYSELF, CAN I SUE REEBOK LATER?

**No.**  If the Court approves the proposed settlement and you do not exclude yourself from the Class, you release (give up) all claims that have been or could have been asserted in this lawsuit relating to your Eligible Shoes and/or Eligible Apparel.

## PART VIII:  OBJECTING TO THE SETTLEMENT

You have the right to tell the Court that you do not agree with the settlement or any or all of its terms.

## 24.   HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?

If you choose to remain a Class Member, you have a right to object to any parts of the proposed settlement.  The Court will consider your views.

Your written objection must include:

(1) your name;

(2) your address;

(3) your telephone number;

(4) proof of purchase of Eligible Shoes and/or Eligible Apparel, such as a cash register receipt, a credit card receipt or a credit card statement that sufficiently indicates the purchase of the Eligible Shoes and/or Eligible Apparel;

(5) a written statement of your objection(s), including any legal support and/or any supporting evidence you wish to introduce;

(6) a statement of whether you intend to appear and argue at the Fairness Hearing;

(7) your signature; and

(8) the case name and number: *In re Reebok EasyTone Litigation*, Case No. 4:10-CV-11977-FDS (D. Mass).

If you choose to object, in order to be considered by the Court, your written objections must be **filed with the Court, and copies must be <u>received</u> by all of the following recipients no later than December 28, 2011**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court **United States District Court District of Massachusetts** Donohue Federal Building 595 Main Street Worcester, MA 01608 | Timothy G. Blood, Esq. **Blood Hurst & O'Reardon LLP** 600 B Street, Suite 1550 San Diego, CA 92101 | John P. Hooper, Esq. **Reed Smith LLP** 599 Lexington Avenue New York, NY 10022 |

You (and/or your attorney) may, at your own expense, review materials applicable to this Action. Those documents will be made available by appointment with Class Counsel during regular business hours at a place designated by Class Counsel. To obtain access to certain materials you (and/or your attorney) must first sign a Confidentiality Agreement, which Class Counsel will provide.

If you file objections, but the Court approves the settlement as proposed, you can still complete a Claim Form to be eligible for payment under the settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

## 25. WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"?

Objecting is simply a way of telling the Court that you don't like something about the settlement. You can only object if you stay in the Class.

If you object to the settlement, you still remain a member of the Class and you will still be eligible to submit a Claim Form. You will also be bound by any subsequent rulings in this case and you will not be able to file or participate in any other lawsuit or proceeding based upon or relating to the claims, causes of action, facts or circumstances of this case. Excluding yourself is telling the Court that you don't want to be a part of the Class. If you exclude yourself, you have no basis to object to the settlement and appear at the Fairness Hearing because it no longer affects you.

## PART IX:  THE COURT'S FAIRNESS HEARING

The Court will hold a final hearing (called a Fairness Hearing) to decide whether to finally approve the settlement. You may attend and you may ask to speak, but you don't have to.

## 26. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

On **January 17, 2012**, at **2:30 p.m. Eastern time**, the Court will hold a Fairness Hearing at the United States District Court for the District of Massachusetts, before the Honorable F. Dennis Saylor IV, in Courtroom 2, Donohue Federal Building, 595 Main Street, Worcester, MA 01608-2060.

At the hearing, the Court will consider whether to grant final certification to the Class for settlement purposes, whether to approve the proposed settlement as fair, reasonable and adequate, whether to award attorneys' fees and costs, whether to award the Class Representatives an award for their help, whether to issue a permanent injunction, and consider related settlement issues.

## 27. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have at the Fairness Hearing. But you are welcome to come at your own expense. Please note that the Court has the right to change the date and/or time of the Fairness Hearing without further notice. If you are planning to attend the hearing, you should confirm the date and time before going to the Court.

## 28. MAY I SPEAK AT THE FAIRNESS HEARING?

Yes, if you have filed an objection, you may ask the Court for permission to speak at the hearing. To do so, you must submit an objection and also file a document called a "Notice of Intention to Appear."

## 29.   WHAT DO I HAVE TO DO TO SPEAK AT THE FAIRNESS HEARING?

If you are a member of the Class, and you (or your attorney) wants to appear and speak at the Fairness Hearing, you (or your attorney) must have submitted an objection and must file a **Notice of Intention to Appear at the Fairness Hearing** with the Clerk of the Court, and deliver that Notice to the attorneys for both sides, at the addresses listed above.   **Your Notice of Intention to Appear at the Fairness Hearing must be filed and <u>received</u> by the Court, Reebok's Counsel and one of the Class Counsel, at the addresses specified in Part VIII, question number 24 no later than December 28, 2011**.

If you file objections and appear at the Fairness Hearing, but the Court approves the settlement as proposed, you can still complete a Claim Form to be eligible for payment under the settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

## PART X:  GETTING ADDITIONAL INFORMATION

This Notice and the accompanying documents summarize the proposed settlement.  More details are contained in the Settlement Agreement.  The full Settlement Agreement is on file with the Clerk of the Court.  For a more detailed statement of the matters involved in this case, you may review the complaint and the other papers and Court orders on file in the Clerk's office at any time during normal business hours, Monday through Friday, 9:00 a.m. to 5:00 p.m. Eastern time.

If you have questions after reading this notice, you can visit www.reeboksettlement.com to obtain additional information about the proposed settlement and the Claim Form or you can call, toll-free, 1 (888) 398-5389 to obtain additional information about the settlement.  You may also direct your questions about the settlement to Class Counsel, whose names and addresses are listed in Part VI, question number 19 of this Notice.

### PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT

Dated:  October 12, 2011

Clerk of the Court for the United States
District Court for the District of Massachusetts

# APPENDIX A

## Release And Waiver of Claims

1.     The Parties agree to the following release and waiver, which shall take effect upon entry of the Final Order and Final Judgment.

2.     In consideration for the Settlement benefits described in this Agreement, Plaintiffs and the other members of the Class, on behalf of themselves, their heirs, guardians, assigns, executors, administrators, predecessors, and/or successors, will fully, finally and forever release, relinquish, acquit, and discharge the Released Parties – and shall not now or hereafter institute, maintain, or assert on their own behalf, on behalf of the Class or on behalf of any other person or entity – from any and all manner of claims, actions, causes of action, suits, rights, debts, sums of money, payments, obligations, reckonings, contracts, agreements, executions, promises, damages, liens, judgments and demands of whatever kind, type or nature and whatsoever, both at law and in equity, whether past, present or future, mature or not yet mature, known or unknown, suspected or unsuspected, contingent or noncontingent, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Released Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, connected with, arising from or in any way whatsoever relating to the purchase of Eligible Shoes and/or Eligible Apparel during the Class Period and the claims alleged in the complaints in the Actions, and, more particularly, but without in any way limiting the generality of the foregoing, arising from, directly or indirectly, or in any way whatsoever pertaining or relating to the claims alleged in the complaints in the Actions, including, but not limited to, communications, disclosures, nondisclosures, representations, statements, claims, omissions, messaging, design, testing, marketing, advertising, promotion, packaging, displays, brochures, studies, manufacture, distribution, operation, performance, functionality, notification, providing, offering, dissemination, replacement, sale and/or resale by the Released Parties of the Eligible Shoes and/or Eligible Apparel; any claims for rescission, restitution or unjust enrichment for all damages of any kind; violations of any state's deceptive, unlawful and/or unfair business and/or trade practices, false, misleading or fraudulent advertising, consumer fraud and/or consumer protection statutes; any violation of the Uniform Commercial Code, any breaches of express, implied and/or any other warranties, any similar federal, state or local statutes, codes, damages, costs, expenses, extra-contractual damages, compensatory damages, exemplary damages, special damages, penalties, punitive damages and/or damage multipliers, disgorgement, declaratory relief, expenses, interest, and/or attorneys' fees and costs against the Released Parties pertaining or relating to the claims alleged in the complaints in the Actions, notwithstanding that Plaintiffs and the Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Actions and/or the Release herein.

3.     Notwithstanding the language in this section and/or this Agreement, the Plaintiffs and the other members of the Class are not releasing any claims of or relating to personal injury.

4.     Plaintiffs represent and warrant that they are the sole and exclusive owner of all claims that they personally are releasing under this Agreement.  Plaintiffs further acknowledge that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Actions, including without limitation, any claim for benefits, proceeds or value under the Actions, and that Plaintiffs are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Actions or in any benefits, proceeds or values under the Actions. Class Members submitting a Claim Form shall represent and warrant therein that they are the sole and exclusive owner of all claims that they personally are releasing under the Settlement and that they have not

assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Actions, including without limitation, any claim for benefits, proceeds or value under the Actions, and that such Class Member(s) are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Actions or in any benefits, proceeds or values under the Actions.

5.      Without in any way limiting its scope, and, except to the extent otherwise specified in the Agreement, this Release covers by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, costs or any other fees, costs, and/or disbursements incurred by Plaintiffs' Counsel, or by Plaintiffs or the Class Members.

6.      Plaintiffs expressly understand and acknowledge, and all Class Members will be deemed by the Final Order and Final Judgment to acknowledge, that certain principles of law, including, but not limited to, Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable, – notwithstanding that the Parties have chosen Massachusetts law to govern this Agreement – Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished and released by Plaintiffs and all Class Members.

7.      Nothing in this Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.

8.      Plaintiffs and Defendant hereby agree and acknowledge that the provisions of this Release together constitute an essential and material term of the Agreement and shall be included in any Final Order and Final Judgment entered by the Court.

Lori Rivero
13641 Camino de Oro Court
Corpus Christi, Texas 78418

FILED
IN CLERKS OFFICE

December 27, 2011

2011 DEC 28  A 10: 04

U.S. DISTRICT COURT
D. OF MASS.

Re: In re Reebok EasyTone Litigation, Case No. 4:10-CV-11977-FDS (D. of Mass.
Mass).

This is an objection to the class action settlement in the In Re Reebok
case noted above.

My name and address is:

Lori Rivero
13641 Camino de Oro Court
Corpus Christi, Texas 78418.

My telephone number is (361-815-1389). I will not appear and argue
at the fairness hearing. I request that this objection be submitted on the
pleadings at the fairness hearing.

As a preliminary matter, I object that class members - indeed class
members that will receive compensation under this settlement – can
only object if they have a proof of purchase of Eligible Shoes or Apparel.
All class members should be able to object, not just those that happened
to save a proof of purchase. I object to this requirement in the class
notice. I attach a copy of my claim form and the receipt from the Claims
Administrator. This should be sufficient to show class membership for
the purpose of objecting.  Moreover, to extent that my claim is treated
differently because I objected than any other claim, I further object that
that is unfair, unreasonable and violates my due process rights. There
should not be a different standard for demonstrating that I am a class
member for purposes of making a claim than for objecting. I have
submitted a claim online as well. My refund request # is 00280910, filed
December 26, 2011. This is my proof of purchase, which is similar, or
"such as," those forms of proof purchase included in the non-exclusive
list in the notice.



I also object to the settlement on the basis that the proponents of this settlement have not discharged their burden of proof on the fairness, adequacy and reasonableness of this settlement.

First, the claims process in the settlement is unfair and will unfairly drive down claims by requiring a statement under penalty of perjury. This requirement will drive down the filing of valid claims. The $25 million settlement amount is distributed unfairly between and among class members. The $25 million is also money from a settlement with the FTC. Objection is made on the basis that class counsel appears to be taking credit for a $25 million settlement that is taking place even if this Court does not approve this settlement.

Finally, I object to attorneys' fees and expenses as excessive under a lodestar or a percentage of recovery methodology.

To the extent necessary, I move to intervene in this case as a matter of right. I am a class member who has an interest in this litigation and this settlement and my rights are not being fairly protected by class counsel or anyone else in this litigation.

I do not intend to appear and argue at the fairness hearing.

Lori Rivero